UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LOIS WALKER,

    Plaintiff,

v.                                       Case No. 8:18-cv-1329-T-CPT

ANDREW M. SAUL,
Commissioner of
Social Security,[1]

    Defendant.
_____/

**O R D E R**

The Plaintiff seeks judicial review of the Commissioner's denial of her claim for Supplemental Security Income (SSI) payments. For the reasons discussed below, the Commissioner's decision is affirmed.

I.

The Plaintiff was born in 1955 and has a high school education. (R. 442). In September 2014, she applied for SSI, alleging disability as of August 23, 2014. (R. 90-

---

[1] Andrew M. Saul became Commissioner of Social Security on June 17, 2019. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Andrew M. Saul is substituted for Acting Commissioner Nancy A. Berryhill as the Defendant in this suit.

99). The Social Security Administration (SSA) denied her application both initially and on reconsideration. (R. 37-39).

At the Plaintiff's request, an Administrative Law Judge (ALJ) conducted a hearing on the matter on November 17, 2016. (R. 435-61). The Plaintiff was represented by counsel at that hearing and testified on her own behalf. (R. 440-55). A vocational expert (VE) also testified. (R. 455-60).

In a decision dated April 5, 2017, the ALJ found that the Plaintiff: (1) had not engaged in substantial gainful activity since her application date of September 15, 2014; (2) had the severe impairments of stenosis, sciatica, and degenerative disc disease of the lumbar spine; (3) did not, however, have an impairment or combination of impairments that met or medically equaled the severity of any of the listed impairments; (4) had the residual functional capacity (RFC) to perform sedentary work; and (5) based in part on the VE's testimony, could perform her past relevant work as a transcribing machine operator. (R. 23-29). In light of these findings, the ALJ concluded that the Plaintiff was not disabled. (R. 29-30).

The Appeals Council denied the Plaintiff's request for review. (R. 4-8). Accordingly, the ALJ's decision became the final decision of the Commissioner.

II.

The Social Security Act (the Act) defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20

C.F.R. §§ 404.1505(a); 416.905(a).[2] A physical or mental impairment under the Act "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

To determine whether a claimant is disabled, the Social Security Regulations (Regulations) prescribe "a five-step, sequential evaluation process." *Carter v. Comm'r of Soc. Sec.*, 726 F. App'x 737, 739 (11th Cir. 2018) (citing 20 C.F.R. § 404.1520(a)(4)); 20 C.F.R. § 416.920(a)(4).[3] Under this process, an ALJ must determine whether the claimant: (1) is performing substantial gainful activity; (2) has a severe impairment; (3) has a severe impairment that meets or equals an impairment specifically listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) has the RFC to perform past relevant work; and (5) can perform other work in the national economy given her RFC, age, education, and work experience. *Carter*, 726 F. App'x at 739 (citing *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004); 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4)). While the claimant has the burden of proof through step four, the burden temporarily shifts to the Commissioner at step five. *Sampson v. Comm'r of Soc. Sec.*, 694 F. App'x 727, 734 (11th Cir. 2017) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)). If the Commissioner carries that burden, the claimant must then prove that he cannot perform the work identified by the Commissioner. *Id*. In the end, "the overall burden

---

[2] Unless otherwise indicated, all citations to the Code of Federal Regulations are to the version in effect at the time of the ALJ's decision.
[3] Unpublished opinions are not considered binding precedent but may be cited as persuasive authority. 11th Cir. R. 36-2.

of demonstrating the existence of a disability . . . rests with the claimant." *Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1359 (11th Cir. 2018) (quoting *Doughty v. Apfel*, 245 F.3d 1274, 1280 (11th Cir. 2001)).

A claimant who does not prevail at the administrative level may seek judicial review in federal court provided that the Commissioner has issued a final decision on the matter after a hearing. 42 U.S.C. § 405(g). Judicial review is limited to determining whether the Commissioner's decision is supported by substantial evidence and whether she applied the correct legal standards. *See id.*; *Hargress v. Soc. Sec. Admin.*, *Comm'r*, 883 F.3d 1302, 1305 n.2 (11th Cir. 2018) (citation omitted). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Hargress*, 883 F.3d at 1305 n.2 (quoting *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004)). In evaluating whether substantial evidence supports the Commissioner's decision, the Court "may not decide the facts anew, make credibility determinations, or re-weigh the evidence." *Carter*, 726 F. App'x at 739 (citing *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005)). While the court accords deference to the Commissioner's factual findings, "no such deference is given to [her] legal conclusions." *Keel-Desensi v. Berryhill*, 2019 WL 1417326, at *2 (M.D. Fla. Mar. 29, 2019) (citations omitted).

### III.

The Plaintiff's sole contention on appeal is that the ALJ failed to adequately develop the record relative to her past relevant work. (Doc. 16 at 5-8). In particular,

4

she asserts the ALJ did not obtain sufficient information regarding her prior experience as a medical transcriptionist to deem it "past relevant work" under the Regulations. *Id.*[4]

In response, the Commissioner asserts the ALJ complied with her duty to develop the record on the subject of the Plaintiff's past relevant work, and, in any event, the Plaintiff failed to meet her burden of showing both that she could not perform her past work as a transcribing machine operator and that she suffered prejudice requiring remand. *Id.* at 8-11.

Upon a thorough review of the record and the parties' submissions, the Court finds no cause for reversal or remand.

The Court begins with the fundamental principle, cited by the Plaintiff in her memorandum, that Social Security proceedings are "inquisitorial rather than adversarial." *Washington*, 906 F.3d at 1364 (quoting *Sims v. Apfel*, 530 U.S. 103, 111 (2000) (plurality opinion)). As a result, an ALJ has a basic and firmly-established duty to develop a full and fair record "both for and against granting benefits." *Id.* In evaluating whether an ALJ has met this duty, a "court should be guided by whether

---

[4] The Plaintiff suggests a list of specific questions that should have been answered:
> How did the Plaintiff define "full time?" What were her estimated monthly and/or yearly earnings during that period? Did she perform that work in a manner acceptable in the competitive job market (i.e., was work performed at a competitive production rate; did the Plaintiff require an inordinate number or length of breaks; were there an inordinate number of days in which the Plaintiff needed to absent herself from work in whole or in part; did she need to perform the tasks with a sit/stand option or seated in a manner which would be unacceptable or an accommodation in the workplace?)?

*Id.* at 8.

5

the record reveals evidentiary gaps which result in unfairness or 'clear prejudice.'" *Graham v. Apfel*, 129 F.3d 1420, 1423 (11th Cir. 1997) (quoting *Brown v. Shalala*, 44 F.3d 931, 934-35 (11th Cir. 1995)).

The Plaintiff's argument centers on the ALJ's development of the record at step four of the sequential evaluation process. As noted above, the ALJ must determine at this step whether the claimant has the RFC to perform her past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). The Regulations define past relevant work as (a) work done within the past fifteen years; (b) that constituted substantial gainful activity (SGA); and (c) that lasted long enough for the claimant to learn to do it. 20 C.F.R. §§ 404.1565(a), 416.965(a). The "15-year period is generally the 15 years prior to the time of adjudication at the initial, reconsideration or higher appellate level." *Barnes v. Sullivan,* 932 F.2d 1356, 1358 n.2 (11th Cir. 1991) (citing Social Security Ruling 82-62, 1982 WL 31386, at *2 (S.S.A. 1982)). SGA is defined as work that is both substantial and gainful. 20 C.F.R. §§ 404.1572, 416.972. Work is "substantial" if it involves significant physical or mental work activities, and "gainful" if it is done for pay or profit. *Id.* "The ALJ ordinarily will consider that the claimant either was or was not engaged in substantial gainful activity if her average monthly earnings are above or below a certain amount established by the [SSA's] earnings guidelines." *Eyre v. Comm'r, Soc. Sec. Admin.*, 586 F. App'x 521, 524 (11th Cir. 2014) (citing 20 C.F.R. §§ 404.1574(b)(2)-(3), 416.974(b)(2)-(3)); *see also Mijenes v. Comm'r of Soc. Sec.*, 687 F. App'x 842, 846 (11th Cir. 2017).

The Plaintiff bears the burden at step four to show that her past work experience is not past relevant work under the Regulations and that she is unable to perform it. *Barnes,* 932 F.2d at 1359. In considering past relevant work, "[t]he [R]egulations require that the claimant not be able to perform [her] past *kind* of work, not that [s]he merely be unable to perform a specific job [s]he held in the past." *Jackson v. Bowen*, 801 F.2d 1291, 1293 (11th Cir. 1986) (citing 20 C.F.R. §§ 404.1520(e), 416.920(e)). Accordingly, a claimant must show that she cannot return to her former *type* of work (i.e., occupation) rather than to a specific prior job. *Id.* (citation omitted).

While a claimant bears the burden at step four of showing she can no longer perform her past relevant work, the Commissioner's obligation to develop a full and fair record remains. *Curlee v. Berryhill*, 2018 WL 4520343, at *7 (M.D. Fla. Sep. 21, 2018) (citing *Schnorr v. Bowen*, 816 F.2d 578, 581 (11th Cir. 1987)). To develop a full and fair record on the issue of a claimant's past relevant work, "an ALJ must consider all of the duties of that past relevant work and evaluate a plaintiff's ability to perform the past relevant work in spite of [her] impairments." *Id*. (citing *Levie v. Comm'r of Soc. Sec.*, 514 F. App'x 829, 831 (11th Cir. 2013)). Where the record is devoid of "evidence of the physical requirements and demands of the claimant's past work" and where "no detailed description of the required duties was solicited or proffered, the [Commissioner] cannot properly determine whether the claimant has the [RFC] to perform [her] past relevant work.'" *Waldrop v. Comm'r of Soc. Sec.*, 379 F. App'x 948, 953 (11th Cir. 2010) (quoting *Schnorr*, 816 F.2d 578). That said, because a claimant "is the primary source for vocational documents . . . 'statements by the claimant

7

regarding [her] past work are generally sufficient for determining the skill level[,] exertional demands, and nonexertional demands of such work.'" *McCullough v. Comm'r of Soc. Sec.*, 2018 WL 3619359, at *3 (M.D. Fla. July 30, 2018) (quoting SSR 82-62, 1982 WL 31386, at *3).

Here, the record evidence of the Plaintiff's past experience as a medical transcriber consists of her hearing testimony (R. 443-44); several filings she submitted to the SSA—namely, a Disability Report, a Work History Report, and a Work Background report (R. 129, 138, 154); and the VE's hearing testimony (R. 455-60).

Beginning with the Plaintiff's hearing testimony, she stated she worked "full-time" as a self-employed medical transcriptionist for five years during the "range" of the years 2000 and 2005. (R. 443-44). She added, however, that she did not report her earnings during this time frame and that she can no longer perform this type of work because she "can't sit long." (R. 444).

In her administrative filings, the Plaintiff made varying statements about her work as a transcriber. In her Disability Report, she claimed she worked as a medical transcriptionist from 1995 to 2002, eight hours a day, five days a week, and earned $12,000 per year. (R. 129). In her Work Background report, she advised she was a self-employed medical transcriptionist from May 2000 to June 2004, performing the duties of "typ[ing] medical reports from tapes." (R. 154). Her Work History Report indicates she earned $1,500 per week as a self-employed medical transcriber working fifteen hours per day, seven days a week, and describes the duties she performed. (R. 138).

As far as the VE is concerned, she testified she reviewed the file regarding the Plaintiff's work history and listened to the Plaintiff's hearing testimony. (R. 456). After identifying the transcriptionist job by Dictionary of Occupational Titles (DOT) number and noting it constituted sedentary, skilled work with a specific vocational preparation (SVP) of 5,[5] the VE opined that an individual limited to the Plaintiff's RFC could perform such work. (R. 456-57).

From this evidence, the ALJ concluded that the Plaintiff had engaged in work as a medical transcriptionist within the last fifteen years, had done so at substantial gainful activity levels, and had performed the job long enough to learn it. (R. 28). Thus, the ALJ categorized such experience as past relevant work not precluded by the limitation to sedentary work. (R. 28-29) (noting, among other things, that the Plaintiff reported "transcribing doctor's reports," "spending 80% of the time sitting," and "lifting less than 10 pounds"). The ALJ's findings are supported by citations to the record, evidence of the physical and mental demands of the occupation at issue, as well as the pertinent administrative guidance pertaining to past relevant work. The Plaintiff provides no credible basis to question the ALJ's findings.[6] As a result, the

---

[5] The DOT defines SVP as "the amount of lapsed time required by a typical worker to learn the techniques, acquire the information, and develop the facility needed for average performance in a specific job-worker situation." U.S. Dept. of Labor, DOT, Appendix C: Components of the Definition Trailer, 1991 WL 688702 (G.P.O. 4th ed. 1991). An SVP of 5 requires training of more than six months up to and including a year. *Id.*

[6] Given the Plaintiff's hearing testimony that she did not report her earnings (R. 444), the Court is unpersuaded by her suggestion that she did not engage in SGA because her Certified Earning Record and Detailed Earnings Inquiry do not reflect such income (Doc. 16 at 7).

9

Plaintiff fails to show the ALJ erred in determining that her prior work as a medical transcriptionist qualified as past relevant work. *Barnes,* 932 F.2d at 1359.

Nor does the Plaintiff demonstrate that further development of the record was necessary. Given the ALJ's RFC finding—a finding the Plaintiff does not contest—the ALJ was not required to inquire about the Plaintiff's need for an inordinate number of breaks, excessive absences from work, or a sit/stand option. Notably, there is no suggestion in the record that the Plaintiff actually performed her medical transcription work *more than ten years prior to her alleged disability onset date* with such restrictions. In any event, the ALJ rejected the Plaintiff's allegations that she was subject to these limitations in crafting the RFC. As such, there is no reason to conclude that the ALJ needed additional evidence to determine that the Plaintiff could return to her past relevant work, either as actually or generally performed. *Jackson*, 801 F.2d at 1293.

IV.

For the foregoing reasons, it is hereby ORDERED:

1) The Commissioner's decision is AFFIRMED.

2) The Clerk is directed to enter Judgment in favor of the Defendant and to close the case.

DONE and ORDERED in Tampa, Florida, this 19th day of June 2019.

HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

Copies to:
Counsel of record